IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DY POL,                          )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    2:13cv1601
                                 )    **Electronic Filing**
**THOMAS DOERR,**                )
                                 )
        Defendant.               )

**MEMORANDUM AND**
**ORDER OF COURT**

Dy Pol ("plaintiff") commenced this proceeding by filing a motion to proceed <u>in forma pauperis</u> and attaching to it a "complaint" seeking to hold Thomas J. Doerr, President Judge of the Butler County Court of Common Pleas, liable for alleged violations of Title VII of the Civil Rights Act of 1964. The complaint and supporting exhibits establish that, on January 19, 2011, plaintiff was sentenced to serve 180 days in jail and pay a $3,000.00 purge as a result of his failure to pay child support. <u>See</u> Complaint ¶¶ 1-2 (Doc. No. 1-1); Complaint Exs. A-1 and A-2 (Doc. No. 1-2). On March 18, 2011 and April 11, 2011, plaintiff filed motions requesting, respectively, a modification of his purge amount and a reduction of his jail time. <u>Id</u>. In both of these motions, plaintiff cited cases involving white males who had allegedly received more favorable sentences for similar conduct. <u>Id.</u> Plaintiff's motion to modify his purge amount was denied by Judge Doerr on March 25, 2011, and his motion for a reduction of his sentence was denied on April 20, 2011. <u>Id</u>. Plaintiff claims that, by virtue of these rulings, Judge Doerr denied his request "to be treated fair and equal." Complaint ¶¶ 1-2.

1

On February 8, 2012, plaintiff appeared by video before Judge Doerr for contempt proceedings. Complaint ¶3; Complaint Ex. A-3 (Doc. No. 1-2). At the conclusion of these proceedings, Judge Doerr sentenced plaintiff to serve another 180 days in jail; he also re-imposed the $3,000.00 purge. Complaint Ex. A-3, Contempt Hr'g Tr. 5:23-6:1 Feb. 8, 2012. Plaintiff contends that Judge Doerr "ignored [his] response towards the end of the hearing and adjourned the hearing" without considering plaintiff's "facts." Complaint ¶3. As a result of the foregoing, plaintiff requests that this court hold Judge Doerr "responsible" for "violations" of Title VII and require him to pay "restitution." See Complaint Ad Damnum Clause.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted. First, plaintiff cannot obtain relief against Judge Doerr under Title VII because that statutory remedy applies only to discrimination occurring in the employment context. See 42 U.S.C. §§2000e et seq. Here, it is clear that plaintiff's claims are premised not on an employment relationship but on allegedly unfair and discriminatory court rulings.

Second, even if plaintiff had invoked a more relevant statutory remedy, such as 42 U.S.C. §1983, his claims against Judge Doerr would still be barred by the doctrine of judicial immunity. Immunity from suit applies to judicial officers in the performance of their official duties, thereby relieving them from liability for judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9 (1991)). Furthermore, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Azubuko, 443 F.3d at 303 (citing Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)).

Here, plaintiff's claims are founded entirely on orders entered against him and/or other judicial action taken in the course of court proceedings. As plaintiff's claims against Judge Doerr are based on the performance of his official duties, judicial immunity clearly applies. As a result, plaintiff's claims against Judge Doerr must be dismissed.

It follows that the complaint is grounded in indisputably meritless legal theory. Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 7th day of March, 2016, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> be, and the same hereby is, **GRANTED.** The Clerk of Court shall file plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** for failure to state a claim.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:  Dy Pol
     191 Neupert Road
     Cabot, PA 16023

   (*Via First Class U.S. Mail*)